**In re Michael J. CALABRESE, Jr.**
**Joyce D. Calabrese, Debtors.**

No. 06–02121–3P7.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Nov. 13, 2006.

Michael T. Kovach, Kovach & Associates, P.A., Inverness, FL, for Debtors.

### *ORDER DENYING FORD MOTOR CREDIT COMPANY'S REQUEST FOR HEARING TO REVIEW REAFFIRMATION AGREEMENT*

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court upon Ford Motor Credit Company's ("Movant") Request for Hearing to Review Reaffirmation Agreement ("Request for Hearing"). Debtors filed for relief under Chapter 7 of the Bankruptcy Code on July 18, 2006. Shortly thereafter, Debtors and Movant executed two reaffirmation agreements. (Docket Nos. 11 and 12.)

Reaffirmation agreements are governed by § 524(c) of the Bankruptcy Code, which permits debtors to reaffirm a debt owed to a creditor while excusing such creditor from the consequences of a debtor's discharge. Section 524(c)(2) states that a

debtor must receive the appropriate § 524(k) disclosures at the same time or before the debtor enters into a reaffirmation agreement. 11 U.S.C. 524(c)(2) (2006). If the debtor is represented by an attorney, according to § 524(k)(5), the attorney must attest that the reaffirmation agreement is in the best interests of the debtor, and that the agreement does not impose an undue hardship on the debtor. 11 U.S.C. § 524(k)(5) (2006). If, however, there is a presumption of an undue hardship, the attorney must certify that in the attorney's opinion, the debtor is capable of making such payments as required by the reaffirmation agreement. 11 U.S.C. § 524(k)(5)(B) (2006). A presumption of undue hardship occurs when the debtor does not have sufficient funds to make the required reaffirmation payments.

In the instant case, Debtors' attorney attested that there was no presumption of undue hardship on either reaffirmation agreement. However, one reaffirmation agreement required a $333.38 monthly payment, yet Debtors acknowledged that they only had available $282.28 to make the required payments. (*See* Reaffirmation Agreement Parts B and D, Docket No. 11.) The other agreement required a $341.90 monthly payment, yet Debtors acknowledged that they only had available $290.80 to make the required payments. (*See* Reaffirmation Agreement Parts B and D, Docket No. 12.) With respect to both agreements, to certify that Debtors would have the needed funds to make the payments, Debtors attached a statement explaining that they obtained a new prescription drug plan which would reduce their monthly expenses, and that they anticipated an increase in projected income from an expected lump sum payment.

Given the language of § 524, the Court believes that Congress did not intend for judges to review reaffirmation agreements when the debtor has been represented by an attorney. However, if a debtor is acting on his or her own behalf, then the Court is required to examine the reaffirmation agreement and decide whether such agreement is in the best interests of the debtor, and if it presents an undue hardship that would prevent the debtor from being able to make the required payments. Such is not the case here. Debtors were represented by counsel when they entered into the reaffirmation agreement with Movant. Further, if the Court set a hearing on this matter responsibility for the reaffirmation agreement would reside with the Court, rather than the Debtors' attorney, as intended by Congress. Thus, the Court will not hold a hearing on this matter. Based on the foregoing, it is

**ORDERED:**

Movant's Request for Hearing is denied.